BUSSE, by guardian *ad litem,* Respondent, vs. ROGERS and another, Appellants.

*January 13—February 2, 1904.*

*Negligence: Personal injuries: Pleading: Evidence: Appeal: Affirmance and reversal: Children: Highways: Nuisances: "Attractive nuisances."*

1. In an action for personal injuries to a five-year-old child received while playing on a pile of timbers, the complaint considered, and *held* that the gist of the complaint was the instability of the timbers, which may have existed even though the reason for the instability alleged in the complaint was not proven, and hence evidence of other defective and instable conditions than those alleged was admissible.

2. Where there is evidence tending to support the conclusions of the jury, and it cannot be said that it is incredible, nor that all the reasonable probabilities and inferences are the other way, the rulings of the trial court therein cannot be reversed.

3. In an action for personal injuries it appeared, among other things, that plaintiff, a five-year-old child, was playing in a pile of timbers left by defendants opposite their own premises within the limits of a city street; that the timbers, through defendants' negligence were insecurely placed on the pile, and that plaintiff was injured by a timber falling on her. It also appeared that the traveled portion of the street was ample and properly prepared for travel; that the strip occupied by defendants, though within the limits of the street as dedicated, was used with the consent of the public authorities, and that plaintiff was not using or attempting to use the place for travel, but for play. *Held:*

(1) That the timbers were wrongfully in the street, and constituted a nuisance in fact and in law.

(2) That the act of leaving the pile of timbers in the street, in the condition disclosed by the evidence, was actionable negligence.

(3) That the result which followed was one which might have been anticipated by an ordinarily prudent man under the circumstances.

(4) That the fact that the plaintiff turned aside from traveling to play for a brief time in the highway did not necessarily prevent recovery.

**4.** In such case, the court intimates no opinion as to what would
have been the result had it appeared that the pile of timbers
was not upon the street, but upon the defendants' premises.

APPEAL from a judgment of the superior court of Douglas
county: CHARLES SMITH, Judge. *Affirmed.*

This is an action to recover damages for personal injuries
suffered by the plaintiff May 4, 1902, at which time she was
a child of the age of about five years. At the date last men-
tioned, and for some time prior thereto, the defendants were
copartners in the lumber business at Superior, Wisconsin,
and maintained and operated a lumber yard at that city,
which abutted for some distance on the west side of Grand
avenue, a street of that city running north and south and
100 feet in width. The evidence shows that there was no
fence on the west line of Grand avenue separating the de-
fendants' lumber yard from the street, and that there was a
space of eight feet in width between the sidewalk on the west
side of Grand avenue and the line of the defendants' prop-
erty, which space was, in part at least, used by the defend-
ants for piling lumber and as part of their lumber yard. One
pile of timber, composed of large square timbers from four-
teen to sixteen feet in length and about twelve inches by
twelve inches square, was piled parallel with Grand avenue,
and partially, at least, upon this eight-foot space, the outer-
most part of the pile being about one foot and a half from
the sidewalk. The testimony further tended to show that
the pile of timber in question had a steplike formation to-
ward the street, so that it could be easily climbed upon, and
that upon the top of the pile there were two timbers placed
in an oblique position, and so that upon a very slight appli-
cation of force they would lose their equilibrium and fall
toward the street. It further appears that upon May 4th
aforesaid the plaintiff, with another child, came along upon
Grand avenue, and stopped at this pile of timber, climbed
upon it, and began running and playing upon one of the top

timbers, and that the timber rolled down toward the street with the child, and inflicted some personal injuries. A special verdict was rendered by the jury as follows:

"First. Was plaintiff, *Lillie Busse,* injured by a stick of timber rolling or falling on her at defendants' yard May 4th last? *Answer (by the court).* Yes. Second. Were defendants chargeable with want of ordinary care in permitting the stick or sticks of timber to be in the position it or they were? *A.* Yes. Third. If you answer above question 'Yes,' then answer this question: Was such want of ordinary care the proximate cause of the injury? *A.* Yes. Fourth. At the time of and immediately before the accident in question, was there a timber in any manner suspended in the derrick chains? *A.* No. Fifth. How far west of the sidewalk was plaintiff when the timber started to fall on her. *A.* Six and one half feet (6½ feet). Sixth. What was the distance from the west side of the sidewalk to the timber pile in question? *A.* One foot and one half (1½ feet). Seventh. At what sum do you assess plaintiff's damages? *A.* Three hundred dollars ($300.00)."

Upon this verdict judgment for the plaintiff was rendered, and the defendants appeal.

The cause was submitted for the appellants on the brief of *H. V. Gard,* and for the respondent on that of *Geo. C. Cooper* and *G. E. Dietrich.*

The appellants contended, *inter alia,* that plaintiff was a trespasser, and, assuming that defendants were negligent in piling the timbers, they were not liable for injuries to the plaintiff based on *mere want of ordinary care,* but only for gross negligence or carelessness in such degree of rashness or wantonness as evinces a total disregard for the safety of persons or property. *Klix v. Nieman,* 68 Wis. 271; *Schrug v. C., M. & St. P. R. Co.* 102 Wis. 515. The beginning of the doctrine that he who creates or permits to exist on his premises, in a place where children frequent, a dangerous piece of machinery, or anything, which from its nature is attractive to children, may be held liable to a trespassing

child so attracted, was in the case of *Sioux City & P. R. Co. v. Stout,* 17 Wall. 657. The cases cited therein (*Lynch v. Nurdin,* 1 Queen's Bench, 29; *Birge v. Gardner,* 19 Conn. 507; *Daley v. N. & W. R. Co.* 26 Conn. 591, and *Bird v. Holbrook,* 4 Bing. 628, with the exception of the *Daly Case,* since repudiated by the Connecticut court) were not authority for the *Stout Case* at the time it was decided—that is as it has been construed. *Hughes v. Macfie,* 2 Hurl. & Colt. 744; *Mangan v. Atterton,* L. R. 1 Exchq. 239; *Clark v. Chambers,* L. R. 3 Q. B. Div. 327; *Harrold v. Watney,* L. R. 2 Q. B. (1898) 320; *Nolan v. N. Y., N. H. & H. R. Co.* 53 Conn. 461, 4 Atl. 106. The doctrine of the *Stout Case* has been unconditionally rejected in New Hampshire, New Jersey, West Virginia, Rhode Island, Massachusetts, Michigan and New York. *Clark v. Manchester,* 62 N. H. 577; *Frost v. E. R. R.* 64 N. H. 220, 9 Atl. 790; *Buch v. Amory Mfg. Co.* 69 N. H. 257, 44 Atl. 809; *Turess v. N. Y. & S. W. R. Co.* 61 N. J. Law, 314, 40 Atl. 614; *Delaware, L. & W. R. Co. v. Reich,* 61 N. J. Law, 635, 40 Atl. 682; *Fitzpatrick v. Cumberland G. Mfg. Co.* 61 N. J. Law, 378, 39 Atl. 675; *Vanderbeck v. Hendry,* 34 N. J. Law, 467; *Uttermohlen v. Bogg's Run M. & Mfg. Co.* 50 W. Va. 457, 55 L. R. A. 911; *Ritz v. Wheeling,* 45 W. Va. 262, 43 L. R. A. 148; *Dicken v. Liverpool S. C. Co.* 41 W. Va. 511, 23 S. E. 582; *Paolino v. McKendall,* 24 R. I. 432, 60 L. R. A. 133; *Bishop v. Union R. Co.* 14 R. I. 314; *Holbrook v. Aldrich,* 168 Mass. 15; *Grindly v. McKechnie,* 163 Mass. 494; *McEachern v. B. & M. R. Co.* 150 Mass. 515; *Daniels v. N. Y. & N. E. R. Co.* (Mass.) 13 L. R. A. 248; *Ryan v. Towar,* 128 Mich. 463, 55 L. R. A. 310; *Charlebois v. Gogebic M. R. Co.* 91 Mich. 59, 51 N. W. 812; *Hargreaves v. Deacon,* 25 Mich. 1; *Walsh v. Fitchburg R. Co.* 145 N. Y. 301; *McAlpin v. Powell,* 70 N. Y. 126; *Murphy v. Brooklyn,* 118 N. Y. 575; *Sterger v. Van Sicklen,* 132 N. Y. 499. Two New York cases (*Cosgrove v. Ogden,* 49 N. Y. 255, and *Earl v. Crouch,*

16 N. Y. Supp. 770), if ever authority for the *Stout Case* when they were decided, have, to that extent, been overruled by *Walsh v. Fitchburg R. Co.* 145 N. Y. 301. In Maryland, Louisiana, North Dakota, Alabama, Virginia, Utah and Connecticut,· while the doctrine of the *Stout* and similar cases have not been expressly rejected, their decisions, either by the facts themselves, or by the reasoning in the opinion, repel such doctrine. *Mergenthaler v. Kirby,* 79 Md. 182; *Benson v. Baltimore T. Co.* 77 Md. 535, 20 L. R. A. 714; *O'Connor v. Ill. Cent. R. Co.* 44 La. Ann. 339, 10 So. 678; *Fredricks v. Ill. Cent. R. Co.* 46 La. Ann. 1180, 15 So. 413; *Culbertson v. C. C. R. Co.* 48 La. Ann. 1376, 20 So. 902; *Westerfield v. Levis,* 43 La. Ann. 63, 9 So. 52; *O'Leary v. Brooks Elevator Co.* 7 N. D. 554, 41 L. R. A. 677; *Alabama G. S. R. Co. v. Moorer,* 116 Ala. 642, 22 So. 900; *Clark v. Richmond,* 83 Va. 355; *Robinson v. O. S. L. & U. N. R. Co.* 7 Utah, 493, 13 L. R. A. 765; *Nolan v. N. Y., N. H. & H. R. Co.* 53 Conn. 461, 4 Atl. 106. The decisions of the states of Maine, Mississippi and Vermont, while frequently cited against the doctrine of the *Stout Case,* really have no bearing on the question. *Morgan v. Hollowell,* 57 Me. 375; *Louisville v. Williams,* 69 Miss. 631; *Pierce v. Witcomb,* 48 Vt. 127. Kansas, Illinois, Arkansas, Mississippi, Tennessee, Washington, California and Colorado have unconditionally adopted the doctrine of the *Stout Case,* both in its application to turntables and other dangers. *Chicago, K. & W. R. Co. v. Bockovan,* 53 Kan. 279, 36 Pac. 322; *Gavin v. Chicago,* 97 Ill. 66, 37 Am. Rep. 99; *Lepnick v. Gaddis,* 72 Miss. 200, 26 L. R. A. 686; *Whirley v. Whitman,* 1 Head, 610; *Bates v. Railway Co.* 90 Tenn. 36, 5 S. W. 1069; *Cooper v. Overton,* 102 Tenn. 211, 73 Am. St. Rep. 864; *Malloy v. Hibernia S. & L. Soc.* (Cal.) 21 Pac. 525; *Peters v. Bowman,* 115 Cal. 345, 47 Pac. 113; *Kopplekom v. Colorado C. P. Co.* (Colo.) 54 L. R. A. 284. Minnesota, Missouri, Texas, Nebraska and Georgia have adopted the rule of the

*Stout Case* in its application to turntables and refused to extend it to other dangers. *Keefe v. M. & St. P. R. Co.* 21 Minn. 207; *Kolsti v. M. & St. L. R. Co.* 32 Minn. 133; *Twist v. W. & St. P. R. Co.* 39 Minn. 164; *O'Malley v. St. P., M. & M. R. Co.* 43 Minn. 289; *Koons v. St. L. & I. M. R. Co.* 65 Mo. 592; *Nagel v. M. P. R. Co.* 75 Mo. 653, 42 Am. Rep. 418; *Evansich v. G. C. & S. F. R. Co.* 57 Tex. 126, 44 Am. Rep. 586; *Gulf, C. & S. F. R. Co. v. Mc-Whirter* (Tex.) 14 S. W. 26; *Ft. Worth & D. C. R. Co. v. Robertson* (Tex.) 14 L. R. A. 781; *Atchison & N. R. Co. v. Bailey,* 11 Neb. 332, 9 N. W. 50; *Chicago, B. & Q. R. Co. v. Krayenbuhl* (Neb.) 59 L. R. A. 920; *Ferguson v. C. & R. R. Co.* 77 Ga. 102; *Enerson v. Peteler,* 35 Minn. 481; *Ratte v. Dawson,* 50 Minn. 450; *Kayser v. Lindell,* 73 Minn. 123, 75 N. W. 1038; *Dehanitz v. St. Paul,* 73 Minn. 385, 75 N. W. 48; *Witte v. Stifel,* 126 Mo. 295, 28 S. W. 891; *Schmidt v. Kansas City D. Co.* 90 Mo. 284, 1 S. W. 865; *Moran v. Pullman P. C. Co.* 134 Mo. 641, 33 L. R. A. 755; *Overholt v. Vieths,* 93 Mo. 422, 6 S. W. 74; *Williams v. K. C., S. & M. R. Co.* 96 Mo. 275, 9 S. W. 573; *Barney v. H. & St. J. R. Co.* 126 Mo. 372, 26 L. R. A. 847; *Curley v. Missouri P. R. Co.* 98 Mo. 13, 10 S. W. 593; *Missouri, K. & T. R. Co. v. Edwards,* 90 Tex. 65, 32 L. R. A. 825; *Dobbins v. M., K. & T. R. Co.* 91 Tex. 60, 38 L. R. A. 573; *Dublin Cotton Oil Co. v. Jarrard,* 91 Tex. 289, 42 S. W. 959; *Slayton v. Fremont, E. & M. V. R. Co.* 40 Neb. 840, 59 N. W. 510; *Richards v. Connell,* 45 Neb. 467, 63 N. W. 915; *Omaha v. Bowman,* 52 Neb. 293, 40 L. R. A. 531; *Savannah, F. & W. R. Co. v. Beavers,* 113 Ga. 398, 54 L. R. A. 314. South Carolina belongs to a class by itself. It has approved the abstract doctrine of the *Stout Case* as applied to turntables, but the cases in which it was so approved were reversed on other grounds, and there are no other than turntable cases in which it has been invoked. *Bridger v. A. & S. R. Co.* 25 S. C. 24; *Bridger v. A. & S. R. Co.* 27

S. C. 456, 13 Am. St. Rep. 653. In another class of states, often cited as upholding the doctrine of the *Stout Case,* an examination discloses no authority whatever for it, and most of them could with better reason be cited against it. In this class are Indiana, Ohio, Kentucky, Pennsylvania and North Carolina. *Indianapolis, P. & C. R. Co. v. Pitzer,* 109 Ind. 179, 6 N. E. 310; *Indianapolis v. Emmelman,* 108 Ind. 530, 9 N. E. 155; *Penso v. McCormick,* 125 Ind. 116, 9 L. R. A. 313; *Harriman v. P. C. & St. L. R. Co.* 45 Ohio St. 11, 12 N. E. 451; *Bransom v. Labrot,* 81 Ky. 638, 50 Am. Rep. 193; *Hydraulic Works Co. v. Orr,* 83 Pa. St. 332; *Gillespie v. McGowan,* 100 Pa. St. 44; *Rogers v. Lees,* 140 Pa. St. 475, 12 L. R. A. 216; *Bottoms v. Seaboard & R. R. Co.* 114 N. C. 699, 19 S. E. 730.

WINSLOW, J. A number of detail errors are alleged, which will be considered before proceeding to the main question on the merits of the case. First it is claimed that it was error to admit evidence showing merely defective and unstable piling of the timber, because it is said that this was not the negligence complained of in the complaint. The consideration of this objection requires some further statement of the facts. In the complaint it is alleged that the defendants maintained a large crane or derrick in their yard near the pile of timbers in question, which was used to unload cars, and which had a swinging arm and a windlass and cable to which were attached chains and hooks for lifting timbers from cars, and that "defendants piled a number of large timbers, about fourteen feet long and twelve or fourteen inches wide and of about the same thickness, in said yard, close to Grand avenue, so that said pile of timbers extended lengthwise with said avenue, and a few feet from said walk, and about four feet high; that defendants negligently and carelessly placed a large timber about fourteen feet long and twelve or fourteen inches wide and of about

the same thickness in said chains upon the top of .said pile of timbers above described, so that one end of said timber projected over said pile of timbers and slightly over said sidewalk, and negligently and carelessly allowed said timber so placed to remain partially suspended in said chains and partially supported by said pile of timbers, so that the same would upon the slightest application of force lose its position of equilibrium and fall over the edge of said pile of timbers, knowing said position and condition to be unsafe and dangerous prior to May 4, 1902, and negligently and carelessly allowed said timber to remain and be in such condition and position until the time of the injury hereinafter described, knowing such position to be dangerous." The complaint further states, in substance, that the timber in question fell upon the plaintiff "by reason of the defective machinery in said derrick, and the defective, negligent, and careless manner in which said timber was secured and placed as aforesaid, and by reason of the negligence and carelessness of defendants in so placing and leaving said timber." The defendants claim that these allegations distinctly charge that the only negligence relied on was the leaving a timber partially suspended in the chains of the defective derrick and partly supported by the pile of timbers, and that all testimony introduced by the plaintiff tending to show simply that the timber was obliquely placed on the pile in an unstable or "teetery" position was inadmissible, because this was not the negligence pleaded; and the defendants' further claim is that, the jury having found upon sufficient evidence, in answer to the fourth question of the verdict, that no timber was in any manner suspended in the derrick chains, all charges of negligence made in the complaint have been rebutted, and judgment should have been rendered upon the verdict for the defendants. We cannot accede to these propositions. In our opinion, such a construction of the complaint would be entirely too narrow and technical. It is true that the com-

plaint charges at some length that the unstable timber was
partially suspended in the derrick chains, but, after all, we
think it clear that the gravamen of the charge of negligence
is that the timber was left in such a position upon the pile
that slight application of force would cause it to fall. One
of the reasons given for the instability was that the timber
hung partially in the derrick chains, and this turns out to be
unfounded; but still the material fact that the timber was
in some manner very insecurely placed remains, notwith-
standing the fact now appears that the chains of the derrick
had nothing to do with the instability. In other words, it
was the instability of the timber which was the gist of the
complaint, and this may well have existed even though one
alleged reason for the instability was not proven.

Another contention made by appellants is that the answer
to the fifth question of the special verdict should have been
stricken out, because there was no credible evidence to sup-
port it. By this answer the jury found that the plaintiff was
six and one half feet west of the sidewalk when the timber
started to fall upon her. The significance of this finding is
that it determines the fact that the plaintiff and the timber
which fell were within the limits of Grand avenue when the
accident happened. Examination of the record shows that
there was much evidence to the contrary of this finding, and
it might well be that, were the question an original one, we
should be compelled to hold that the evidence preponderates
against the finding; but there was evidence which tended to
support the conclusion of the jury, and we cannot say that it
was incredible, nor that all the reasonable probabilities and
inferences were the other way; hence we cannot reverse the
ruling of the trial court upon the question.

We pass now to the main question in the case, namely,
whether a verdict for the defendant should not have been di-
rected upon the uncontradicted evidence, or, in default of
such a direction, whether judgment should not have been

rendered for the defendants upon the special verdict and the uncontradicted evidence. The simple facts to be considered in this connection are that a child five years of age was playing upon a pile of timber left by defendants within the limits of the street, and was injured by reason of a timber falling upon her, which had been insecurely placed upon the pile; there being evidence tending to show, and the jury having found, that the insecurity of the timber was an act of negligence on the part of the defendants. The appellants claim that the question whether the pile of timber was within the limits of the highway or not is of no moment. The traveled portion of the highway was of ample width, and was properly prepared for travel. The strip which the defendants used along the margin of their land upon which to pile lumber and timber, though within the limits of the street as dedicated, was used with the consent of the public authorities, and did in fact belong to the defendants, subject only to the easement of the public for travel; and the plaintiff was not using or attempting to use the place for travel, but for play, and hence was a trespasser. Assuming that she was a trespasser, and that the timber pile was rightfully in its position, the contention is that there can be no liability except upon the extreme theory of the doctrine of "attractive nuisances" as laid down in the line of cases generally known as "Turntable Cases." These cases are referred to in the case of *Klix v. Nieman*, 68 Wis. 271, 32 N. W. 223, as "a class of cases which hold the proprietor liable for injuries resulting to children from dangerous machinery left unguarded and so exposed as to be calculated to attract their interference with it;" but they are not expressly approved or disapproved in that case, and in fact the question has never been directly considered and passed upon by this court, though the reasoning of the case cited would seem rather opposed to the doctrine than otherwise. The doctrine in these cases seems to be that by creating or leaving on one's premises a dangerous

machine or thing which is especially calculated to attract children to play therewith, one impliedly invites children on his premises, and is guilty of negligence, if he does not take precaution to protect such children from injury. Thompson, Negligence, §§ 945–1024. This doctrine has been debated in many cases and in many courts with the result that there are many authorities supporting the doctrine in its broadest application, while many repudiate it entirely, and others give it qualified recognition, and practically limit it to railroad turntables. Appellants' counsel argue very strongly against the doctrine, and have submitted a markedly able brief reviewing the authorities on both sides of the question, and we shall direct that the citations be preserved in the report of the case. We do not, however, find it necessary to decide the question in the present case. This is not the case of an owner of land putting an attractive and lawful but dangerous machine or thing upon his own property and leaving it unguarded. It is the case of an owner placing an unlawful nuisance in the highway and leaving it ungarded. The defendants owned the land of the highway to the center line thereof opposite their premises, subject to the public easement of travel. They might doubtless temporarily obstruct the sidewalk in the transaction of their business, but they had no right to permanently store a pile of timber in the limits of the highway, even opposite their own premises. The timber was wrongfully there, even had the public authorities assumed to consent to it. It was a nuisance in fact and in law. Had a loose timber fallen from the pile by reason solely of negligent piling, and injured a traveler passing on the sidewalk, there would be little doubt of the liability of the defendants, and of the city as well, provided the danger was one which had existed long enough so that the city officials should have known of it. *Denby v. Willer,* 59 Wis. 241, 18 N. W. 169. Does the fact that the child was not then a traveler, but had turned aside for a moment to follow a natural

and childish inclination to play, entirely relieve the defend-
ants from liability? This is the simple question presented,
and it is not entirely easy of solution. In this case it ap-
peared affirmatively by the evidence that children were ac-
customed to play in and about the street and the lumber yard
to the knowledge of defendants, and to such an extent that
the defendants had found it necessary to direct their em-
ployees not to allow children to play in the yard for fear they
would get hurt. But aside from these facts the fact must
also be considered that children do play in the public high-
ways, and will doubtless continue to do so as long as child
nature remains the same as it is now. The child who lags
unwilling on the way to school and chases a bright-winged
butterfly, or plays a game of marbles, or climbs a tempting
pile of timber in the highway to play seesaw for a moment,
does not thereby become an outlaw, and when injured by an-
other's negligence he cannot be turned aside with the curt
remark that he has ceased to travel, and become a trespasser,
and hence can complain of no one's conduct. His natural
habits and instincts must be in some way and degree recog-
nized. This court has said that "children playing in the
street are entitled to consideration." *Meibus v. Dodge,* 38
Wis. 300. The child has a right in the highway. It must
be recognized that he will play therein if occasion offers. In-
deed, we would not have it otherwise. The man or woman
who would wish to wholly stop the flow of childish spirits
while on the highway, and turn the little ones into men and
women before their time, must either have had no childhood
of his own or must have forgotten the fact. It would not be
accurate to say that the streets are made for children to pay
in, but it would be equally inaccurate to say that a property
owner can totally disregard the fact that children always
have, and probably always will, play therein. He cannot
lawfully lay anything like a trap for the child upon the high-
way, and escape the consequences by saying that the child

would not have been injured had he confined himself to traveling exclusively. The case of *Meibus v. Dodge,* just cited, is an illustration of the principle. In this case a man left a dog, which he knew to be ferocious, in his sleigh upon the public street, and a child passing upon the sidewalk turned aside and meddled with a whip in the sleigh, and the dog threw him down and bit him. A judgment for the plaintiff was affirmed. The contention there was that the child was committing a trespass when he meddled with the whip, and hence was entitled to no protection; but the argument was rejected, and it was said that the act of the child was one which might well be anticipated; that the child did not forfeit all claims to protection simply because he turned aside for a moment and touched the whip; and that the defendant had no right to leave a dog, which he knew to be ferocious, unsecured in the public street, where children were liable to be passing, and might be reasonably expected to indulge in such childish acts as the one in question. We regard the reasoning of the case as quite satisfactory, and in substance applicable to the present situation. The central idea is that children are liable always to be upon the public streets, and also are liable to turn aside from traveling and play or meddle with attractive things left thereon; that a reasonable man must bear this fact in mind, and hence may not negligently or willfully place upon the street a dangerous animal or trap well calculated to arouse the admiration or curiosity of a child, and, when it has accomplished the natural result which might reasonably be expected, escape the consequences by saying that the injured child should not have yielded to his curiosity. It is well known that there is nothing much more attractive to children than a pile of lumber or timber, especially one which affords opportunities for a seesaw. This, according to the findings, was what the defendants placed in the street in the present case, so arranged that the heavy timbers would almost immediately fall when the childish

amusement commenced. We think there was ample room for the jury to find, as they did, that the act of leaving the timber in the highway in this condition was actionable negligence, and that the result which followed was one which might reasonably have been anticipated by an ordinarily prudent man under the circumstances; and we also hold that the fact that the child turned aside from traveling to play for a brief time in the highway does not necessarily prevent a recovery, although such might be the result in an action against the city to enforce the statutory liability under sec. 1339, Stats. 1898.

As previously indicated, we do not decide what would be the result had it appeared that the pile of timber was not upon the street, but upon the defendants' premises; nor do we intimate any opinion thereon. In the present case the pile of timber was in the highway, and this fact must be kept in mind at all times in determining the effect of the principles laid down.

*By the Court.*—Judgment affirmed.