HARRIS, Administratrix, Respondent, vs. EASTERN WISCON-SIN RAILWAY & LIGHT COMPANY, Appellant.

*February 20—March 11, 1913.*

*Negligence causing death: Attraction to children on street: Failure to guard against meddling.*

1. One who maintains in the public street an unguarded object or condition likely to attract children to meddle or play therewith, with the probable result of causing injuries to themselves or others lawfully using the street, is guilty of actionable negli-gence, providing such person knows or is chargeable with knowledge of the attractiveness of the object or condition and the consequent probability of such meddling and resulting in-juries.

2. Upon an electric light tower standing in the street a platform
about eighteen feet from the ground was reached by steps.
From that point defendant's employee who cared for the lights
pulled himself up in a basket suspended from the top of the
tower by means of a steel cable running over pulleys and hav-
ing a counterweight at the other end. Ballast consisting of
loose stones was placed in the basket so that its weight, with
that of the operator, was about fifteen pounds less than the
counterweight; and when at the bottom the basket was fastened
to the frame of the tower by a chain and hook, without any
lock. The city owned the tower, but the basket and hoisting
apparatus, though at long intervals used by the city, were
practically under the control of the defendant company, which
had the lighting contract. Defendant knew that boys were
accustomed to play on the platform. At the time of the acci-
dent, two boys (one a son of plaintiff's intestate) were so play-
ing when the basket in some way became unfastened and started
up. When it struck the top the ballast stones flew out and one
of them in falling killed the intestate. The jury found that the
death was proximately caused by defendant's negligence in fail-
ing to lock the chain which fastened the basket and in using
loose stones as ballast. *Held*, that defendant was liable, under
the rule above stated.

Appeal from a judgment of the circuit court for Fond du
Lac county: Chester A. Fowler, Circuit Judge. *Affirmed.*

This is an action for damages resulting from the death of
H. B. Harris, the plaintiff's husband, which death is alleged
to have been caused by the negligence of the defendant. The
facts are that on the 2d of June, 1911, at about 6:30 p. m.,
the deceased was standing on the sidewalk on the north side
of West Arndt street in the city of Fond du Lac, talking with
two other persons. He was some twelve or fifteen feet from
an electric light tower owned by the city. The tower was
about 150 feet in height, triangular in form, constructed of
iron rods and piping, each side of the triangle being about
five feet in width at the bottom, and it was used for lighting
a section of the city by means of a cluster of electric lights
at the top. It was constructed by the city twenty years or
more ago, but was still in active use. The defendant com-
pany, under a contract with the city, furnished the light used

and the lamps and kept the same lighted and in repair. About eighteen feet from the ground there was a platform about three feet in width on each side of the triangle with a three-foot railing on the outside.   On one of the corner posts were iron steps a foot apart, extending from the ground to the top.   In the center of the space within the triangle was a hexagonal iron basket two feet in diameter, three feet in depth, and having a wooden floor.   This basket was constructed and used for the purpose of enabling the employee who trimmed the electric lights to elevate himself to the top of the tower and lower himself again to the eighteen-foot platform.   It was arranged with two pulleys, two guide ropes, a steel cable, and a counterweight of 250 pounds, so that the employee could stand in the basket and pull himself to the top by means of a rope.   At the time of the accident in question and for a long time previously, three large paving stones were kept loose in the bottom of the basket as ballast.   The weight of the basket, the operator, and the stones was about fifteen pounds less than that of the counterweight, so that the operator was obliged to exert a lifting strength of about fifteen pounds when he used the basket.   The basket was also used by the city if at any time it wished to inspect the tower. The evidence shows that it had been so used by the city twice since 1907 up to the time of the accident, the last time being May 27th.   The lights on the tower were expected to burn without attention for ninety hours, and an employee of the defendant company was accustomed to ascend in the basket to trim them when this time had elapsed.   This necessitated an ascent by the employee two or three times a month.   The basket (without a passenger) being lighter than the counterweight would naturally shoot up to the top of the tower if not fastened down when the employee descended, consequently it was necessary to fasten it in some way at the eighteen-foot platform when not in use.   This had always been done by wrapping a chain some four feet in length around the rod composing the top circumference of the basket and around

one of the horizontal rods of the tower at the level of the plat-
form, and hooking an iron hook at one end of the chain into
one of the links thereof.   It appeared that boys frequently
went up to the platform and played there, and that two boys
were playing at the time in question on the platform and
about the basket, one of whom was the thirteen-year-old son
of Harris.   Suddenly the basket became unfastened and
started upwards.   No witness testified as to the manner in
which it became unfastened, but one of the men with whom
the deceased was talking heard the basket going up and gave
the alarm.   The basket increased its speed as it went up, and
when it struck the top the ballast stones flew out and one of
them, weighing over twenty pounds, struck the deceased on
the head and chest, inflicting injuries from which he soon
died.

The jury returned a special verdict in which they found
(1) that boys customarily played on the platform at and
prior to the time of the accident; (2) that the defendant
knew of this custom, and (3) that in view of these facts or-
dinary care required the locking of the chain so as to prevent
meddling with or unfastening of the basket; (4) that the
lack of ordinary care so found was the proximate cause of
Harris's death; (5) that the use of loose stones for ballast
was lack of ordinary care, which (6) was the proximate cause
of Harris's death; (7) that Harris did not know that the boys
were on the platform at the time of the accident; (8) that he
knew of the custom of boys playing there; (9) that notwith-
standing that knowledge he exercised ordinary care in being
where he was at the time without ascertaining that boys were
not on the landing; (10) that Harris did not know that his
son was in the habit of playing on the platform; (11) that
the pecuniary damage suffered by the widow was $3,581.
From judgment for the plaintiff on this verdict the defendant
appeals.

*T. L. Doyle,* for the appellant.

For the respondent there was a brief by *Reilly, Fellenz &
Reilly,* and oral argument by *M. K. Reilly.*

WINSLOW, C. J.   The case is certainly novel, but the principles governing it have ceased to be doubtful.   It is settled in this jurisdiction that one who maintains in the public street an unguarded object or condition likely to attract children to meddle or play therewith, with the probable result of causing injuries to themselves or others lawfully using the street, is guilty of actionable negligence, providing such person knows or is chargeable with knowledge of the attractiveness of the object or condition and the consequent probability of such meddling and resulting injuries.   *Busse v. Rogers,* 120 Wis. 443, 98 N. W. 219; *Kelly v. Southern Wis. R. Co., ante,* p. 328, 140 N. W. 60.

It is not necessary, of course, that the defendant be the owner of the attractive nuisance,—it is sufficient if he *maintain* it.   He must have the power of control.   In the present case the defendant company did not own the tower, but the evidence shows, presumptively at least, that they were in practical control of the basket and the apparatus for hoisting it.   Otherwise they could not fulfil their contract with the city to keep the lamps lighted.   The fact that at long intervals a city official might use the basket to inspect the tower can make no material difference.   It cannot affect the right, nay, the duty, of the lighting company to see that the basket was safely moored, if it knew or ought to have known of the danger of such an occurrence as the present.   It was using and was rightfully using the whole contrivance for its own purposes and its own profit.   The city would have no right to object to the installation of any reasonable device which would make it safe.   A padlock with duplicate keys, one to be furnished to the city, would have insured safety.   These principles really determine the case.   The jury on sufficient evidence found negligence of the defendant proximately causing the death of Harris, and acquitted him of contributory negligence.   No detail errors are assigned which are of sufficient importance to require discussion.

*By the Court.*—Judgment affirmed.