SCHULTE, Special Administrator, Respondent, vs. WILLOW RIVER POWER COMPANY, Appellant.

*February 15—March 12, 1940.*

For the appellant there was a brief by *Doar & Knowles* of New Richmond, and oral argument by *Warren P. Knowles, III.*

For the respondent there was a brief by *O'Brien, Horn & Stringer* and *John J. Keefe,* all of St. Paul, Minnesota, and *Thomas E. Garrity* of Hudson, and oral argument by *Philip Stringer.*

FOWLER, J. The trial court overruled a demurrer to the complaint for insufficiency of facts. The action is to recover for the death of a sixteen-year-old boy who was electrocuted by coming in contact with defendant's high-tension wire. It appears from the complaint that the wire was strung from a crossbar attached directly to a crossbeam connecting the apexes of opposite trusses of a steel bridge across the St. Croix river at Hudson. The bridge was so constructed that boys could and did climb to the apex of the truss. The deceased so climbed and came in contact with defendant's wire in some unstated manner.

It is alleged that children to the knowledge of the Power Company habitually played in the vicinity and habitually climbed upon the bridge; that the bridge was constructed with latticework braces which induced climbing by children, and by this construction the deceased was induced to climb to the place of his injury when he came in contact with the wire; that the company failed to have any barrier about its wire and negligently maintained its wire near to the latticework braces, and failed to maintain any sign warning of danger therefrom.

These facts do not state a cause of action unless under the doctrine of the attractive-nuisance or turntable cases. This doctrine, speaking broadly, is that liability is imposed upon those maintaining inherently dangerous structures or instrumentalities for injuries sustained by children of tender years, who to the knowledge of those maintaining them, are injured while playing on or about them. But assuming, but not deciding, that that doctrine would apply to a child of such years under the facts above stated, it does not apply to a normal boy sixteen years old.

"It is a general rule that a trespasser takes his chances and must look out for himself; and that no duty rests upon the owner to keep his property in such condition or so guarded that a wrongful intermeddler shall not be exposed to danger. But . . . while a proprietor may owe no duty to adults with respect to instrumentalities maintained by him, he may be liable for injuries to a child *of tender years* for injuries sustained from the same instrumentalities. . . ." 20 R. C. L. p. 79, § 70.

The idea last above stated is expressed in 45 C. J. p. 763, § 161, as follows:

"The attractive-nuisance doctrine applies only to property, conditions, appliances, or instrumentalities which are *per se* of a dangerous character with respect to children *of tender age,* or are of such character that children *of tender age* can create danger to themselves out of them, so that they are likely to or probably will result in injury to children who are attracted to them. . . ."

It is to be noted that the doctrine rests upon the idea that children *"of tender years"* are entitled to the protection of the rule. In *Vannatta v. Lancaster Light & Power Co.* 164 Wis. 344, 159 N. W. 940, a case more like the instant case than any other Wisconsin case, a boy of eighteen years was in effect held, as matter of law, not entitled to the protection of the rule, as he was held guilty, as matter of law, of assumption of the risk of injury from the wire that electro-

cuted him. The boy there involved had climbed a bridge and come in contact with a high-tension wire strung from a pole affixed to the top of the bridgework. The only material factual difference between that case and the instant one is that the instant boy was sixteen instead of eighteen years old. The doctrine of attractive nuisance was not invoked in that case. It was also held in that case, as matter of law, that the defendant was not negligent in maintaining the wire.

A section of an exhaustive note in 36 A. L. R. on "Attractive Nuisances," at page 141, is devoted to the "Age limit for application of doctrine." *Belt R. Co. v. Charters* (1905), 123 Ill. App. 322, 329, is there cited as saying: That "an examination of the 'attractive-nuisance' cases will show that in nearly every instance the child injured was less than ten years of age." Examination of the first fifty-four cases to which the doctrine was applied in which the age of the child involved was given, cited in the same note at pages 155 *et seq.*, shows that forty-five of the children involved were under ten; three were ten; three were eleven; one was twelve; one was thirteen; and one was fourteen. We did not carry the investigation further. From the cases cited under the heading above quoted in the note, it appears that it has been held either generally or specifically in a half-dozen cases there cited that the doctrine does not extend to children over fourteen years of age. In *Nelson v. Branford Lighting & Water Co.* 75 Conn. 548, 54 Atl. 303, the defendant was held liable for the death of a boy sixteen years old who was electrocuted diving from a bridge by coming in contact with an electric wire strung from it by the defendant when the boy did not know the current was on; it appears that the bridge was customarily used by boys to dive therefrom. In *Dennis' Adm'r v. Kentucky & W. Va. Power Co.* 258 Ky. 606, 79 S. W. (2d) 377, it was held that a boy sixteen is subject to the same degree of care as to knowledge of danger from electric wires as an adult. Under a heading in the A. L. R.

note above cited "Age and capacity of child," at page 140, numerous cases are cited to the general effect that the doctrine applies only to children of tender years who are incapable of exercising proper care for their own protection, or those on the border line as to years between the irresponsibility of childhood and the responsibility of adults; only to those who are not sufficiently mature and discreet to have legal capacity to assume risk; and does not apply to those who knowing the hazard, assume the risk of it.

This court has in a variety of situations imposed liability for injuries caused to or by children while playing about dangerous structures or instrumentalities. *Busse v. Rogers,* 120 Wis. 443, 98 N. W. 219; *Kelly v. Southern Wisconsin R. Co.* 152 Wis. 328, 140 N. W. 60; *Angelier v. Red Star Yeast & Products Co.* 215 Wis. 47, 254 N. W. 351; *Harris v. Eastern Wis. R. & L. Co.* 152 Wis. 627, 140 N. W. 288; *Meyer v. Menominee & Marinette L. & T. Co.* 151 Wis. 279, 138 N. W. 1008; *Bonniwell v. Milwaukee L., H. & T. Co.* 174 Wis. 1, 182 N. W. 468; *Erikson v. Wisconsin Hydro-Electric Co.* 214 Wis. 614, 254 N. W. 106. The last case cited involved electrocution by high-tension electric wires. The children involved in the cases above cited were five, eleven, thirteen, or fourteen years old.

We hold, upon reason as well as upon the authority of the adjudicated cases, that the doctrine of attractive nuisances does not apply to young people of ordinary intelligence of the age of sixteen years. There is no allegation in the complaint that the deceased was not of ordinary intelligence, and we cannot assume that he was not. It follows that the trial court was in error in overruling the demurrer to the complaint.

*By the Court.*—The order of the circuit court is reversed, and the record is remanded with directions to sustain the demurrer to the complaint.