Klix, Adm'r, etc. vs. Nieman.

_ KLIX, Administrator, etc., Appellant, vs. NIEMAN, Respondent.

*February 3 — March 1, 1887.*

*Negligence: Unguarded excavation: Death of child.*

The owner of a city lot is not bound to fence or guard an excavation or pond therein not situated so near the street as to make it unsafe for persons passing, and is not liable in damages for the death of a boy who, while playing about such excavation or pond, falls therein and is drowned.

APPEAL from the Circuit Court for *Milwaukee* County.

Action to recover damages for the death of the plaintiff's intestate, alleged to have been caused by the defendant's negligence. The allegations of the complaint are sufficiently stated in the opinion. The plaintiff appeals from an order sustaining a general demurrer.

For the appellant the cause was submitted on the brief of *J. Coleman.* He contended that the owners of land are

liable for injuries resulting to *children*, although trespassing at the time, when from the peculiar nature and open and exposed position of the dangerous defect or agent, the owner should reasonably anticipate such an injury. 1 Thomp. on Neg. 304, 305. And the question of such negligence or liability is one for the jury. 2 Thomp. on Neg. 1140; *Hydraulic Works Co. v. Orr*, 83 Pa. St. 332; *Birge v. Gardiner*, 19 Conn. 507; *Kerr v. Forgue*, 54 Ill. 482; *Koons v. St. L. & I. M. R. Co.* 65 Mo. 592; *Keffe v. M. & St. P. R. Co.* 21 Minn. 207; *Lovett v. S. & S. D. R. Co.* 9 Allen, 557; *Lynch v. Smith*, 104 Mass. 52; *Karr v. Parks*, 40 Cal. 188; *Robinson v. Cone*, 22 Vt. 213; *Drew v. Sixth Ave. R. Co.* 26 N. Y. 49; *Oldfield v. N. Y. & H. R. Co.* 14 id. 310; *Cosgrove v. Ogden*, 49 id. 255; *Barksdull v. N. O. & C. R. Co.* 23 La. Ann. 180; *Railway Co. v. Stout*, 17 Wall. 657; *S. C.* 2 Dill. 294; *Ewen v. C. & N. W. R. Co.* 38 Wis. 613.

For the respondent there was a brief by *Johnson, Rietbrock & Halsey*, and oral argument by *Mr. Johnson.* They argued that the owner of land is not bound to fence or guard an excavation or depression, pond or pool which he did not make or cause to be made upon his land, for the benefit of strangers, young or old, who had no right to go upon the land. Nor is such owner liable for injuries occasioned by an excavation made by himself upon his own land unless it be so near a public or private way as to interfere with the safety of persons lawfully using the way. 1 Thomp. on Neg. 361; Shearm. & Redf. on Neg. sec. 505; *Blyth v. Topham*, Cro. Jac. 158; *Deane v. Clayton*, 7 Taunt. 532; *Hardcastle v. S. Y. R. Co.* 4 Hurl. & N. 67; *Binks v. Same*, 113 Eng. C. L. 244; *Barnes v. Ward*, 9 C. B. 392; *Hadley v. Taylor*, L. R. 1 C. P. 53; *Corby v. Hill*, 4 C. B. N. S. 556; *Hounsell v. Smyth*, 7 id. 730; *Beck v. Carter*, 68 N. Y. 283, 289; *Kohn v. Lovett*, 44 Ga. 251; *Howland v. Vincent*, 10 Met. 371; *Gramlich v. Wurst*, 86 Pa. St. 74.

Cole, C. J.   We think the demurrer in this case was properly sustained, for the reason that the complaint shows no actionable negligence on the part of the defendant.  The complaint states that the defendant was the owner of and in the possession of a lot in the city of Milwaukee, situated on the northeast corner of Hubbard and Lloyd streets; that the lot was in a thickly settled and populous part of the city, and was not inclosed by fence either in front thereof between it and Hubbard street, or on the side between it and Lloyd street, but that the lot was vacant and open, so that the public had free and unobstructed access thereto from both Hubbard and Lloyd streets; that for a long time prior to the 5th of September, 1885, there had been upon the lot a deep and dangerous hole or excavation, partially filled with water, making a pond which covered about the entire surface; that the water of the pond was roily, so that its depth could not be ascertained except by measurement, but that in places it was of the depth of nine feet, so that the pond was dangerous to the lives of children who might be attracted thereto for amusement or otherwise; that the defendant, well knowing that the pond was dangerous to the lives of children residing in the vicinity of the same, wrongfully, negligently, and carelessly permitted it to remain unguarded by fence or barricade, and the plaintiff's son, a lad about nine years of age, " while playing upon and about said pond of water, being induced thereto by reason of the unguarded and unprotected condition of said hole as aforesaid, fell and was precipitated into the same and was drowned."

It will be observed that it is not alleged that the pond was so near the highway as to make it unsafe for passengers going along the street or sidewalk; and no averment that the boy when he fell into the pond was passing along the street or sidewalk.   On the contrary, it is stated that the boy was playing upon and around the pond when he was

precipitated into the water and drowned.   So the single question presented is, Was it the duty of the defendant to fence or guard this hole or excavation on his lot (which it does not appear he made or caused to be made) where surface water collected, in order to secure the safety of strangers, young or old, who might go upon or about the pond for play or curiosity?

If the defendant was bound to so fence or guard the pond, upon what principle or ground does this obligation rest?   There can be no liability unless it was his duty to fence the pond.   It surely is not the duty of an owner to guard or fence every dangerous hole or pond or stream of water on his premises, for the protection of persons going upon his land who had no right to go there.   No such rule of law is laid down in the books, and it would be most unreasonable to so hold.   A learned author states the doctrine in these words: "An owner of land is under no obligation to fence an excavation on his land, unless it is so near the highway as to amount to a public nuisance; and if persons or animals are killed or injured in consequence of his failing to do so, no damages can be recovered.   A qualification of this rule is that when the owner of land, expressly or by implication, invites a person to come upon it, he will be liable for damages if he permit anything in the nature of a snare to exist thereon which results in injury to such person, the latter being at the time in the exercise of ordinary care.   If, however, he gives a bare license or permission to cross his premises, the licensee takes the risk of accidents in using the premises in the condition in which they are."   1 Thomp. Neg. 361.   Among other authorities cited by the author to sustain this doctrine of the text is *Hardcastle v. South Yorkshire R. Co.* 4 Hurl. & N. 67, where POLLOCK, C. B., uses this language: "When an excavation is made adjoining to a public way, so that a person walking upon it might, by making a false step or

being affected with sudden giddiness, or, in the case of a horse or carriage way, might, by a sudden starting of the horse, be thrown into the excavation, it is reasonable that the person making such excavation should be liable for the consequences; but when the excavation is made at some distance from the way, and the person falling into it would be a trespasser upon the defendant's land before he reached it, the case seems to us to be different. We do not see where the liability is to stop. A man getting off a road in a dark night, and losing his way, may wander to any extent; and if the question be for the jury no one could tell whether he was liable for the consequences of his act upon his own land or not. We think that the proper and true test of legal liability is whether the excavation be substantially adjoining the way, and it would be very dangerous if it were otherwise,— if in every case it was to be left as a fact to the jury whether the excavation was sufficiently near to the highway to be dangerous." Pages 74, 75. See *Hounsell v. Smyth*, 7 C. B. (N. S.), 731.

This question is very fully discussed in *Hargreaves v. Deacon*, 25 Mich. 1, and *Gramlich v. Wurst*, 86 Pa. St. 74. In *Hargreaves v. Deacon*, the plaintiff, as administrator, sought to recover damages for the death of a son, a child of tender years, who was killed by falling into a cistern which had been left uncovered on premises not immediately adjoining the highway. After a learned and able examination of many cases, Mr. Justice CAMPBELL finds no support to any doctrine which would authorize a recovery. The cistern, he says, " was made, as is customary, with its top substantially on a level with the earth around it, and as is usual where reservoirs, vaults, sewer openings, and the like are made where there is much occasion for passage, and where an elevation might be inconvenient. Such openings require for safety a cover which will bear such pressure as is likely to be brought upon it and keep passengers from

falling in. If in a highway or sidewalk, the duty of protection extends to all'persons who have a legal right to go there, or, in other words, to the whole public, and it depends on that right. If on private property, not open of right to the public, it applies less generally, and only to those who have a legal right to be there and to claim the care of the occupant for their security, while on the premises, against negligence, or to those who are directly injured by some positive act involving more than passive negligence. Cases are quite numerous in which the same questions have arisen which arise in this case; and we have found none which hold that an accident from negligence, on private premises, can be made the ground of damages, unless the party injured has been induced to come by personal invitation, or by employment which brings him there, or by resorting there as to a place of business or of general resort held out as open to customers or others whose lawful occasions may lead them to visit there. We have found no support for any rule which would protect those who go where they are not invited, but merely with express or tacit permission, from curiosity or motives of private convenience in no way connected with business or other relations with the occupant."

There is a class of cases which hold the proprietor liable for injuries resulting to children from dangerous machinery left unguarded and so exposed as to be calculated to attract their interference with it. *Railroad Co. v. Stout,* 17 Wall. 657; *Keffe v. M. & St. P. R. Co.* 21 Minn. 207; and *Koons v. St. L. & I. M. Railway,* 65 Mo. 592, are of that character. In *Hydraulic Works Co. v. Orr,* 83 Pa. St. 332, the platform which caused the injury was upon a private passage or cart-way adjoining a factory; and in *Birge v. Gardiner,* 19 Conn. 507, the gate was on or near the line of the lane or public pass way. In this case the plaintiff recovered, but a new trial was ordered on the ground of misdi-

Klix, Adm'r, etc. vs. Nieman.

rection of the court, there being evidence of contributory negligence. In *Kerr v. Forgue*, 54 Ill. 482, the counters and barrels were placed on the sidewalk on a public street in a "tottering condition" and occupied a considerable portion of the walk. The court held that the negligence of the defendant in placing obstructions upon the sidewalk and permitting them to remain there for some weeks, "was much greater than the carelessness of the boy," and affirmed the judgment which awarded damages for the injury.

The rule that holds persons responsible for injuries caused by spring guns, man-traps, etc., is familiar and well settled; but it has no application here. Unless we hold that the defendant was under a legal obligation to fence this pond for the protection of children reaching and playing upon it, there can be no recovery. And it is obvious that a fence would have to be very high and very tight to afford any effectual guard against children having access to the pond. But upon the facts, we do not think the law imposed the duty upon the defendant of building a fence or guard to prevent children from reaching the pond; therefore he is not liable for the death of the child.

*By the Court.*— The order of the circuit court sustaining the demurrer is affirmed.

See note to this case in 32 N. W. Rep. 223.—REP.