*Kramer & Kramer*, for plaintiff.

*Albert H. Morrill*, contra.

## DANGER TO CHILDREN FROM MAINTENANCE OF A BODY OF WATER.

[Circuit Court of Summit County.]

THE AKRON WATER WORKS COMPANY v. HIRAM S. SWARTZ.

Decided, October 12, 1906.

*Bills of Exceptions—Irregularities in Preparation of—Not Jurisdictional, When—Negligence—Child Drowned in a Reservoir—Mere Existence of a Body of Water—Not Within the Rule of the Torpedo Cases—Trespassers and Licensees—Error Proceedings.*

1. In an error proceeding the adverse party is entitled to ten full days for the filing of objections to the bill of exceptions, and the transmission of the bill and the receiving of by the trial judge on the tenth day after notice of its filing is premature; but where this abridgment of the rights of the defendant in error is a matter for which the clerk of court is responsible, and for which the plaintiff in error is in no way chargeable, and it is not shown that the bill was open to any objection or amendment, such an irregularity in the intermediate steps is not jurisdictional.

2. The proprietor of a body of water so situated as to present no circumstances specially enticing or hazardous to children, whereby they are led by their infantile instincts to incur the danger of drowning, is under no higher duty to infant trespassers or licensees than to adults.

HENRY, J.; MARVIN, J., and WINCH, J., concur.

Error to the Court of Common Pleas of Summit County.

This was an action for death by wrongful act, begun August 1, 1903, by Hiram S. Swartz as administrator of the estate of Claribel Georgia Bush, a child of nine years, who was drowned May 23, 1903, in a reservoir of the Akron Water Works Company, in the outskirts of the city of Akron. The plaintiff below recov-

ered a verdict of $1,100, December 12, 1905, whereon judgment was rendered January 8, 1906. The defendant below filed its bill of exceptions February 16, 1906, and notice thereof was mailed to plaintiff's attorneys upon the same day. No objections or amendments thereto were filed, and the bill was transmitted to the trial judge on Monday, February 26, 1906. It was signed and returned to the clerk on the second day thereafter. The record of the case is before us for review upon petition in error. The defendant in error has, however, interposed a motion to strike the bill of exceptions from the files upon the ground that it was prematurely transmitted to the trial judge, and that the full time allowed by law for filing objections and amendments was, therefore, not afforded.

Section 5301, Revised Statutes, provides that such objections or amendments shall be filed "within ten days after" the notice of the filing of the bill, and that the time for transmitting the bill to the trial judge begins to run "on the expiration" of said period of ten days.

Section 4951 provides that "unless otherwise specially provided, the time within which an act is required by law to be done shall be computed by excluding the first day and including the last; and if the last be Sunday it shall be excluded."

It is clearly apparent, from these provisions of law, that where, as in this case, notice of the filing of a bill is given on the 16th day of the month, the adverse party, being entitled to ten full days within which to file objections or amendments, should have the entire 26th day of the month, unless it be Sunday, available to him for that purpose. And since the bill in this case was transmitted to and received by the trial judge on that day, it is manifest that the right of defendant in error in that behalf was invaded by the clerk in thus abridging his time by one day. It should be noted, however, first, that the plaintiff in error is not in any way chargeable with this mistake, for the statute makes it the duty of the clerk alone to attend to the transmission of the bill, and the plaintiff in error is under no duty to instruct the clerk or to anticipate that he will act prematurely in this behalf. Secondly, it is not shown or suggested that the bill is in fact open to any objection or amendment.

In *Davies* v. *The New Castle & Lowell Railway Company*, 71 O. S., 325, it is held that, where a party taking a bill of exceptions has seasonably filed the same "he has performed all the duties imposed upon him by the statute." And in the opinion of the court by Price, J., it is said at page 334:

"Under our former statutes, several things were required of the excepting party in order to obtain a review of his case. Some of these were held in former decisions of this court to be mandatory and jurisdictional, and if not complied |with the bill could not be considered. We hope that day is now past."

The present statute differs in no material particular from the one then under consideration, and we think the rule now is that, where the excepting party is not in fault, and the bill is, in fact, properly and seasonably signed, absolute regularity with respect to intermediate steps is not jurisdictional. If the adverse party, in good faith and within the time allowed him by law, applies in vain for an opportunity to examine the bill, or to file objections or amendments thereto, we apprehend that the law will not permit him to be prejudiced if he takes appropriate measures to manifest and secure his rights.

The motion of defendant in error to strike the bill of exceptions from the files will therefore be overruled.

On the merits of the case, the facts are substantially as follows: The reservoir into which the child fell was an artificial body of water surrounded by an embankment, with steep sides sloping towards the water, and enclosed by a picket fence. There was a footpath along the embankment inside the fence, and a private driveway led from the highway to and around the reservoir. The place was not adjacent to any public road or habitation, but was somewhat frequented by pleasure seekers, including children, without any protest on the part of the water works company, though the facts imply some notice to it of the practice, as well as of the circumstance that two pickets were missing from the fence at a point where children might, if they chose, crawl through the hole thus left and enter the enclosure. The decedent, who lived some distance away, was given permission by her mother, on the afternoon of the accident, to go into the woods in that vicinity with two companions to play.

Neither the mother nor any of the children knew of the existence of the reservoir at that time, so far as appears. The children, wandering about, discovered the reservoir, crawled through the hole in the fence and were playing on the embankment when the decedent fell into the water and was drowned. No one else was present while the children were there. There was nothing about the reservoir to make it more attractive to children than other natural or artificial bodies of water usually are. The fundamental question in the case is, therefore, whether these facts constitute the negligent maintenance of an object alluring and dangerous to children. We think there can not be any question of contributory negligence left in the case after the verdict of the jury. Furthermore, although there is some conflict of authority on this point, we find the decided weight of authority to be that the mere existence of a body of water, natural or artificial, does not amount to a dangerous allurement to children so as to bring it within the rule of the torpedo cases, in this state, or the turn-table cases, in other states. Unless there are, besides the presence of the water itself, other circumstances especially enticing and hazardous to children, whereby they are led by their infantile instincts to incur the danger of drowning, the proprietor of a body of water is under no higher duty to infant trespassers or licensees than to adults. *Dobbins* v. *M., K. & T. Ry. Co.,* 38 L. R. A., 573; *Grindley* v. *McKechney,* 40 N. E., 764; *Peters* v. *Bowman,* 115 Calif., 365 (47 Pac., 113); *Omaha* v. *Bowman,* 40 L. R. A., 531; *Moran* v. *Pullman Palace Car Co.,* 33 L. R. A., 755; *Klix* v. *Nieman,* 68 Wis., 271 (32 N. W., 223); *Richards* v. *Connell,* 63 N. W., 915.

Many other authorities directly in point on the facts might also be cited.

The judgment must be reversed for error in refusing to grant the motion of defendant below that a verdict in its favor be directed. And proceeding to render the judgment which the court of common pleas should have rendered upon the conceded facts of the case, we here enter judgment for plaintiff in error.

*Allen, Waters & Andress,* for plaintiff in error.

*Musser, Kohler & Mottinger,* for defendant in error.