(77 South. 130)

No. 21520.

HENDRICKS et ux. v. KANSAS CITY SOUTHERN RY. CO.

(Nov. 26, 1917.)

*(Syllabus by Editorial Staff.)*

1. RAILROADS ⬤=361—INJURIES ON RIGHT OF WAY—FAILURE TO FENCE.

A railroad right of way adjoined on each side by a street was level and unfenced and crossed by the public at all points. Opposite plaintiff's house, which faced the right of way, there was a well-marked path across the right of way passing close to a turntable and curving slightly around it. A footbridge across a ditch on the right of way and used in connection with such path existed before the turntable was installed, but was reconstructed to facilitate access to the turntable. While plaintiff was crossing the right of way by this path, followed by his daughter, 3½ years old, she fell into the turntable pit. *Held*, that the turntable being an ordinary one of the usual construction, and being on the railway company's own property, where it had a perfect right to be, the company owed the public no duty of fencing the right of way or warning the public away from the turntable.

2. RAILROADS ⬤=381(4)—INJURIES ON RIGHT OF WAY—CONTRIBUTORY NEGLIGENCE.

If the danger from the turntable was so obvious that the railway company should have known of it and guarded against it, then plaintiff, whose house faced it, should have known of it, and not left his little child to take care of herself as she followed him.

3. NEGLIGENCE ⬤=23(2)—THINGS ATTRACTIVE TO CHILDREN—CAUSE OF INJURY.

As the accident was not caused by the attractiveness of the turntable to children, the doctrine of the turntable cases had no application.

Appeal from Twelfth Judicial District Court, Parish of Sabine; Henry T. Liverman, Judge ad hoc.

Action by B. R. Hendricks and wife against the Kansas City Southern Railway Company. Judgment for defendant, and plaintiffs appeal. Affirmed.

Hall & Jack, of Shreveport, and R. A. Fraser, of Many, for appellants. Alexander & Wilkinson, of Shreveport, for appellee.

PROVOSTY, J. The right of way of the defendant company, 200 feet wide, extends through the town of Zwolle. It existed before the town was laid out. The town has about 1,000 inhabitants. On each side of the right of way is a street 50 feet wide paralleling it, making the distance between the houses on one side of the right of way and those on the other 300 feet. While all the streets of the town are marked on the plat of the town, only two of them, as we understand, are open across the right of way, one to the west and one to the east of the depot, 300 feet from each other. The house of plaintiff is east of one of these cross streets, 250 feet from it, facing the right of way. The house of Dr. Boring is practically opposite on the other side of the right of way; and the turntable of the defendant company is approximately on a line between the two houses, on the right of way. The right of way is not fenced, and is level, so that people cross it at all points; but there is a well-marked path leading across it opposite plaintiff's house. This path passes close to the turntable; in fact, curves slightly around it. The turntable pit is about three feet deep; and its edge rises but an inch or two above the level of the ground. Plaintiff had been to Dr. Boring's house, and was returning to his own house, along this path, with a baby in his arms, and followed by his little daughter 3½ years old, when the little girl fell into the pit, and received the injury for which the present suit in damages

is brought. A witness who saw the child fall does not know what caused her to fall; nor does a young lady who was following the same path, only a few steps behind the child, and saw her fall, and at once picked her up. It seems the child fell while a Mexican boy standing some distance off was calling out to her father. No doubt, her attention was attracted to this boy, and by simply walking straight ahead, instead of following the path where it curved slightly around the turntable, she stepped into the pit.

The negligence attributed to the defendant company is in leaving this pit open and unguarded so near this pathway which the people of the town were known to use frequently in crossing the right of way. And it is said that by thus leaving this pathway open and allowing the townspeople to use it the defendant company practically extended an invitation to the public to use it, and that the defendant company rendered this invitation more evident by constructing a footbridge across the drainage ditch of its right of way to facilitate access to this pathway.

This footbridge existed before the turntable was installed. The defendant company simply reconstructed it. This it did at the time of the installation of the turntable, and for the purpose of facilitating access to it. This bridge as reconstructed was only 2 feet wide, consisting of two 12-inch planks resting one end upon the ground and one end upon a trestle in the middle of the ditch, and two other 12-inch planks resting one end on the trestle and the other end on the ground on the other side. It had no handrails or guards of any kind.

[1, 2] We do not find that the defendant company was in any respect negligent. This turntable was simply an ordinary turntable of the usual construction. It was upon the defendant company's own property, where it had a perfect right to be. The defendant company owed no duty to the public to fence off its right of way, or to warn the public away from this turntable. If the public passed close to this pit, it was because the public chose to do so. The danger, if any, was negligible. But if it was so obvious that the defendant company should have known of it and guarded against it, a fortiori should the plaintiff have known of it (right in front of his house as it was all the time), and not left the little child to shift for herself as she followed him. The pedestrian could, if he chose, give the turntable a wide berth; but had on the bridge to follow the narrow path. If the child, or plaintiff himself, had fallen off the bridge, would the accident have been chargeable to the defendant company for not having equipped the bridge with hand rails?

[3] Needless to say, the doctrine of the turntable cases has no application to a case like this, where the accident was not caused by attractiveness of the turntable to children.

Judgment affirmed.

LECHE, J., takes no part.