ANGELIER, by guardian *ad litem,* Respondent, vs. RED STAR YEAST & PRODUCTS COMPANY, Appellant.

*March 7—April 3, 1934.*

For the appellant there was a brief by *Shaw, Muskat & Paulsen,* attorneys, and *F. H. Prosser* of counsel, all of Milwaukee, and oral argument by *Mr. Prosser.*

For the respondent there was a brief by *Edward H. Meldman,* attorney, and *Joseph A. Padway* of counsel, both of Milwaukee, and oral argument by *Mr. Padway.*

NELSON, J.  The amended complaint fairly construed alleges in substance: That on May 28, 1932, the plaintiff, aged thirteen years, was seriously scalded and burned by boiling refuse, discharged upon the grounds or premises of the defendant through a pipe and open, exposed trough, which rendered the premises inherently dangerous to children who might be upon the same; that the defendant knew of the existence of the presence of children upon its premises, that they were in the habit of playing thereon, and were permitted to enter thereon to take lumber from the defendant's yard; that on said day the plaintiff was playing on defendant's premises, and while running about them, absorbed in play with other children, he failed to observe the open trough. and fell into it and was thereby seriously injured; that the defendant carelessly and negligently failed to provide any guard or means of protection for children or to take any precautions to eliminate the dangerous condition of the open, exposed trough; that the plaintiff's injuries were caused wholly and proximately by the negligence of the defendant.

The defendant contends that the circuit court erred in overruling its demurrer, and particularly relies upon *Zartner v. George,* 156 Wis. 131, 145 N. W. 971, and *Lewko v. Chas. A. Krause Milling Co.* 179 Wis. 83, 190 N. W. 924.

The plaintiff, while frankly conceding that the complaint herein is practically the same as the complaint held

demurrable in the *Lewko Case,* earnestly contends that the law of that case should now be modified or overruled. In the *Lewko Case* it was held that no cause of action was stated in a complaint which in substance alleged that the defendant was the owner of a mill and other unfenced real estate surrounding it which was open and accessible to children who frequented it, and who, to the knowledge of the defendant, were in the habit of playing thereon; that the defendant maintained on its premises a large hole which was about three feet in diameter and about five or six feet deep which was connected with its mill by a pipe through which steam was carried, and that frequently the hole was filled with hot or boiling water; that the mill was located in a thickly populated residence district, containing many children, and that the real estate upon which the hole was located was known to the defendant to be constantly frequented by children, who used the real estate for the purpose of playing games and recreation; that the premises were attractive to small children and did constantly attract them, and that they habitually played thereon; that the plaintiff, while playing on said premises with other children, fell into the hole and was burned, scalded, and injured as a result; that the plaintiff's injuries were caused solely and proximately by the negligence of the defendant in failing to prevent children from frequenting said real estate or from playing in and about the hole, and in failing to provide any warning, guard, fence, or appliance of any kind to protect children while playing around or about the hole. The majority of the court (Mr. Justice CROWNHART dissenting) concluded that it appeared from the allegations of the complaint that the plaintiff was a mere licensee, who took the premises as he found them, and to whom the owner owed no duty save to refrain from active negligence rendering the premises dangerous. In support of that conclusion the court cited *Cahill v. Layton,* 57 Wis. 600, 16 N. W. 1; *Muench v. Heinemann,* 119 Wis. 441, 96 N. W. 800;

*Brinilson v. Chicago & N. W. R. Co.* 144 Wis. 614, 129 N. W. 664; *Zartner v. George, supra;* and *Emond v. Kimberly-Clark Co.* 159 Wis. 83, 149 N. W. 760.

In *Zartner v. George, supra,* it was held with respect to a young child who, with other children, went upon a city lot where construction work was being done, and where a pile of sand existed close to a mortar box containing slacking lime, covered over with a thin coating of sand but otherwise unprotected, and who stepped into the box of lime causing him serious injury, that no liability existed on the part of the contractors, even though children were in the habit of playing about the place where the work was being carried on. The court grounded its decision on the proposition that the child was a mere trespasser and that no liability exists in such a case unless "the act complained of partakes of the nature of gross negligence, obviously endangering the safety of others, or to active negligence committed at the time of the injury."

It is clear that at the times *Zartner v. George* and *Lewko v. Chas. A. Krause Milling Co.* were decided, both of those cases might have been decided in favor of the plaintiffs had the court followed the law of *Brinilson v. Chicago & N. W. R. Co., supra; Meyer v. Menominee & Marinette L. & T. Co.* 151 Wis. 279, 138 N. W. 1008; and *Herrem v. Konz,* 165 Wis. 574, 162 N. W. 654.

In the *Brinilson Case* the defendant was held liable for the death of a young boy who fell through a hole in a breakwater belonging to the defendant and into a steam and hot water pit. It appeared from the evidence that the agents and servants of the defendant knew that boys used the breakwater and the adjacent grounds for walking, fishing, and swimming, but that notices of "no thoroughfare" were posted to warn people off of the tracks, and that boys particularly had theretofore been expelled from its tracks. It was held that an implied permission to use the premises

existed which justified persons in using the breakwater for the known customary purposes and that such persons were not trespassers but licensees. After referring to the case of *Klix v. Nieman,* 68 Wis. 271, 32 N. W. 223, the court distinguished it, saying:

"In the instant case the facts are different, in that the alleged dangerous condition was created by the company, and the question is whether or not, in view of the fact that the company knew or ought to have known that both adults and children were resorting to and using the place for travel and amusement, the omission to keep the pit covered created a danger likely to cause injury to persons so using the premises with ordinary care. That the opening or hole in the cover of the steam pit, as described in the evidence, was dangerous seems self-evident from its very nature and condition. It is also clear that the hole in the planking that covered the excavation was not readily observed, and was obscured by the steam rising therefrom through this hole and the cracks between the planks covering the pit. This condition of the place made the pit a dangerous trap or pitfall to persons on the premises, and the omission to observe and repair the planking constitutes active negligence on the part of the railroad toward them."

In the *Meyer Case* the parents of a boy fourteen years of age were permitted to recover damages for his death under facts which showed that he was electrocuted while playing on a lumber pile in defendant's yard over which was suspended a sagging highly-charged electric wire, the insulation of which had rotted or worn off. It was there said (p. 285):

"But whether deceased in the instant case was a bare licensee or invitee when upon the lumber pile, if defendant knew or ought to have known that boys of his age were accustomed to be there, it was chargeable with due care in the management of its poles, wires, and current so as to protect children and others who might be expected to be there from injury, and was bound to anticipate that some injury might result to some one in consequence of the loca-

tion and condition of the wires. [Citing cases.] In the case at bar the evidence was ample to warrant the jury in finding that for a long time before the accident, the defendant knew, or ought to have known, that children were likely to be upon the lumber pile and be injured by contact with the wires, and that defendant was guilty of negligence in the use of its wires at the time and place of the death of the deceased."

In the *Herrem Case,* a complaint which alleged that a child was caught by a revolving shaft, located in an open space, eight or nine feet high, under a mill, where children were in the habit of playing, with the knowledge and consent of the defendant, and that the plaintiff was injured as a result of being caught by the unguarded revolving shaft, was held good on demurrer. It was there said (p. 577) :

"The allegations of the complaint above set forth charge that the defendant knew that children of tender age living in the immediate vicinity of his lumber mill were in the habit of playing in the open spaces underneath the ground floor of the mill in close proximity to a rapidly revolving shaft, which under the alleged facts and circumstances was inherently dangerous to children of tender age. These allegations must be liberally construed in passing on the issues presented by the demurrer. We cannot anticipate whether or not the evidence upon a trial of the case will sustain the complaint in all its intendments. But the pleading on its face alleges sufficient facts to charge the defendant with negligence towards the plaintiff as a boy of tender years, in that it charges that he played upon the premises of the defendant with the permission of the defendant and that the rapidly revolving shaft in the alleged location and unprotected condition was inherently dangerous to children of tender years. Under these circumstances the defendant was bound to anticipate that an injury might result to some child by coming in contact therewith. This brings the alleged cause within the law of the case of *Meyer v. Menominee & Marinette L. & T. Co.* 151 Wis. 279, 138 N. W. 1008, and *Brinilson v. Chicago & N. W. R. Co.* 144 Wis. 614, 129 N. W. 664."

It may be noted that in that case no attempt was made by the court to determine whether the plaintiff was a trespasser, a licensee, or an invitee.

After a careful reconsideration of our former decisions we are of the opinion that the rule of the *Zartner* and *Lewko Cases* should now be overruled. Whether the technical legal status of a young child who enters upon the premises of another for purposes of play is a trespasser, a licensee, or an invitee by implication is, in our opinion, quite immaterial in a case like this where the circumstances and conditions shown or alleged bring the case within the rule hereinafter stated.

It is our opinion that a possessor of real estate should be subjected to liability to a young child who is injured upon his premises if it be found that the former maintained, or allowed to exist, upon his land, an artificial condition which was inherently dangerous to children being upon his premises; that he knew or should have known that children trespassed or were likely to trespass upon his premises; that he realized or should have realized that the structure erected or the artificial condition maintained by him was inherently dangerous to children and involved an unreasonable risk of serious bodily injury or death to them; that the injured child, because of his youth or tender age, did not discover the condition or realize the risk involved in going within the area, or in playing in close proximity to the inherently dangerous condition; and that safeguards could reasonably have been provided which would have obviated the inherent danger without materially interfering with the purpose for which the artificial condition was maintained.

Though the rule just enunciated has not heretofore been so precisely stated, it is in harmony with the decisions of this court in the *Brinilson, Meyer,* and *Herrem Cases,* with the Restatement, Torts (Tentative Draft No. 4), sec. 209, and with the spirit of *Busse v. Rogers,* 120 Wis. 443, 98

N. W. 219, and *Kelly v. Southern Wisconsin R. Co.* 152 Wis. 328, 140 N. W. 60, although in both of the latter cases the artificial dangers or perils existed in streets where children had a right to be and properly, therefore, could not be considered trespassers. The rule stated is also in harmony with the holdings of the supreme court of the United States in *Union Pacific R. Co. v. McDonald,* 152 U. S. 262, 14 Sup. Ct. 619, and *Best v. District of Columbia,* 291 U. S. 411, 54 Sup. Ct. 487, 78 L. Ed. 635.

In so far as the *Zartner* and *Lewko Cases* conflict with the rule now stated they are overruled.

*By the Court.*—Order affirmed.