LARSON and wife, Respondents, vs. EQUITY CO-OPERATIVE
ELEVATOR COMPANY, Appellant.

*December 4, 1945—January 8, 1946.*

For the appellant there was a brief by *Doar & Knowles* of New Richmond, and oral argument by *W. T. Doar*.

For the respondents there was a brief by *William McEwen* and *White & Davison*, all of River Falls, and oral argument by *Mr. Kenneth S. White* and *Mr. McEwen*.

FRITZ, J.    Defendant contends that the court, in passing upon the demurrer to the amended complaint, must consider plaintiffs bound by allegations as to certain facts stated in the original complaint which, on defendant's demurrer thereto, was held insufficient to state a cause of action.    That contention cannot be sustained in view of the rule that,—

"The facts which appear in the original complaint . . . are not involved and cannot be taken into consideration in passing upon the demurrer to the amended complaint.    The latter, which is an entirely new complaint without any reference therein to the original complaint, is complete in itself and superseded the former complaint so that the allegations therein were no part of the amended complaint, and the sufficiency of the facts alleged therein to constitute a cause of action must be determined solely upon its allegations."    *Riley v. United Finance Co.* 234 Wis. 389, 392, 291 N. W. 392; *Ryan v. First Nat. Bank & Trust Co.* 236 Wis. 226, 232, 294 N. W. 832.

On the facts alleged in their amended complaint plaintiffs, as the parents of Larry D. Larson, aged nine years, seek to recover damages sustained by reason of his death by drowning on May 15, 1942, upon slipping and falling from the narrow top of a forebay concrete wall constructed and maintained by defendant in connection with a hydroelectric power plant. In relation thereto there are in the amended complaint allegations to the following effect: On and prior to May 15, 1942, defendant possessed and operated the power plant at the city of River Falls, and negligently maintained and allowed to exist in connection therewith an artificial condition of such a nature as to be inherently dangerous to children of tender age and of such a character that children of tender age could create danger to themselves therefrom. As part of the plant defendant maintained a dam fourteen feet in height extending across the Kinnickinnic river in River Falls, and near the east end of the dam has a powerhouse which, along three sides thereof, is surrounded by a narrow concrete platform, that is a little above the normal level of the water held back by the dam; and immediately north of the powerhouse is a forebay wall designed and intended to divert water to a turbine in the powerhouse. The forebay wall is of concrete about eighteen inches wide and extends in a northerly direction at right angles to the platform for eleven feet. The top of that wall is a little above the top of the dam and the normal level of the water and is flat and level with the platform. No handrails or other safeguards are provided to prevent children who may be playing on the platform or on top of the forebay wall from falling into deep water. The platform and the forebay wall are not practically accessible except by the means provided by defendant for that purpose; which are a concrete walk from the platform to the east bank of the river and a concrete stairway leading from the east end of the walk up to the top of the bank. There are handrails on each side of the walk and stairway and at the top of the stairway is an open entrance thereto, which is plainly

visible and is not provided with any gate or otherwise closed, but remained open at all times. That entrance is located in a well-populated residence district, which includes many children of River Falls and is in close proximity to the west side of Main street, one of the principal public highways in the city. The entrance, walk, and platform, have no warning signs or notices of any character and are so designed and arranged as naturally to attract children of tender age and induce them to descend the stairway and walk upon the walk and play upon the platform and top of the wall of the forebay where a misstep is likely to result in drowning; and all of said conditions existed on and prior to May 15, 1942, and children of tender age had played upon said premises for many years prior thereto to the knowledge of defendant. On May 15, 1942, plaintiffs' son Larry, in the company of other children of tender age, entered said entrance and went upon the platform and the top of the forebay wall, and while playing thereon he slipped and fell therefrom and was drowned; and because of his tender age, he did not discover said condition and did not realize the risk involved in going upon said premises and playing there. It is further alleged defendant should have realized that the artificial condition so maintained by it was inherently dangerous to children and involved an unreasonable risk of serious bodily injury or death to them in that it provided a conspicuous and attractive entrance and means of access to a place of danger; that defendant could reasonably have provided safeguards to obviate such danger without interfering with the purpose for which said artificial condition was maintained; and that the death of Larry occurred as a proximate result of negligence of defendant in maintaining said artificial condition.

Defendant, in contending that no cause of action is stated in the amended complaint, claims it was not the entrance, stairway, or walk that contributed to the drowning of the child, but it was the fact that he walked out on the forebay

wall and slipped, and he might have done that whether there was a stairway or a walk or not; that there was no necessity for a guardrail on the forebay wall, and there is no allegation that it was inherently slippery or a concealed danger; that the stairway and the fact that it was adjacent to the main street in River Falls did not create an artificial condition that was inherently dangerous; that the stairway and walk were on private property, and ponds, rivers, and lakes are always attractive to children, and guardrails, fences, and obstructions are no hindrance to them if they conclude to take a look at or fish in the water. And defendant contends that the owner of land as a reasonable, prudent person, who uses a pond in a lawful, necessary and useful way, is not legally bound to guard it against trespassing children. In support of its contentions defendant relies upon the decisions by this court in *Fiel v. Racine,* 203 Wis. 149, 233 N. W. 611; *Emond v. Kimberly-Clark Co.* 159 Wis. 83, 149 N. W. 760; *Klix v. Nieman,* 68 Wis. 271, 32 N. W. 223.

On the other hand, plaintiffs contend that the sufficiency of the facts alleged in the amended complaint must be tested by the following rule,—which was adopted in *Angelier v. Red Star Yeast & Products Co.* 215 Wis. 47, 53, 254 N. W. 351, after carefully reviewing and thereupon overruling prior cases in this state to the contrary,—to wit:

". . . that a possessor of real estate should be subjected to liability to a young child who is injured upon his premises if it be found that the former maintained, or allowed to exist, upon his land, an artificial condition which was inherently dangerous to children being upon his premises; that he knew or should have known that children trespassed or were likely to trespass upon his premises; that he realized or should have realized that the structure erected or the artificial condition maintained by him was inherently dangerous to children and involved an unreasonable risk of serious-bodily injury or death to them; that the injured child, because of his youth or tender age, did not discover the condition or realize the risk involved

in going within the area, or in playing in close proximity to the inherently dangerous condition; and that safeguards could reasonably have been provided which would have obviated the inherent danger without materially interfering with the purpose for which the artificial condition was maintained." (See Restatement, Torts, p. 920, sec. 339.)

The existence of circumstances and conditions in each of the five respects thus stated in the rule must be alleged in a complaint in order to state a cause of action thereunder, and the existence of circumstances and conditions in each of those respects is sufficiently stated by allegations in the amended complaint to the following effect:

1. That *defendant* negligently *maintained* and *allowed to exist* in connection with its power plant an *artificial condition* of such nature as to be *inherently dangerous to children* of *tender age* and of such character that children of such age could create danger to themselves therefrom and *particularly* the *top* of the forebay wall with a width of only eighteen inches *with no safeguards to prevent children from playing thereon* and *no handrails or safeguards to prevent such as may be playing thereon from falling into the deep water.*

2. That the entrance stairway and walk were so designed and arranged *as to naturally attract* and *induce children of tender age* to descend the stairway and *walk and play upon the top of the forebay wall* where a misstep is likely to result in drowning; and all such conditions existed on and prior to May 15, 1942, *and children* of tender age *had played upon* said *premises prior to said time to* the *knowledge of defendant.*

3. That *defendant should have realized* that the *artificial condition* so maintained by it *was inherently dangerous to children* and *involved an unreasonable risk of serious bodily injury or death to them* in that it provided a conspicuous and attractive entrance and means of access to a place of danger.

4. That *because* of Larry's *tender age· he did not discover* said *condition* and *did not realize* the *risk involved in going* and *playing upon* the *said premises.*

5. That the *defendant could* reasonably *have provided safeguards to obviate such danger without interfering with* the *purpose* for which said *artificial condition* was maintained.

Defendant also contends that because the forebay wall and the water and the danger of falling into it were open and observable to any boy of nine years, this case is different and distinguishable from the *Angelier Case, supra,* in that the material factor, which then sustained the cause of action, was that defendant was discharging boiling refuse upon its premises and the injured child failed to observe the open trough into which it fell, and that the discharging of such refuse made the place inherently dangerous and there would have been no danger if the trough had not contained the refuse. Although there are differences between the facts which in the *Angelier Case* caused the artificial condition that was inherently dangerous to children and the facts which caused such an artificial condition in the case at bar, the actually material factor in each of these cases is that the defendant therein maintained and allowed such an inherently dangerous artificial condition to exist upon its land; and it is the maintaining and allowed existence by each defendant of such inherently dangerous artificial condition that constitutes alike in each case the material factor. It is to such artificial conditions, inherently dangerous to children being on the premises, as are maintained or allowed to exist upon land by the defendant that the rule stated in the *Angelier Case* is applicable; and on the other hand, in the absence of such maintenance and allowed existence of such an artificial condition that rule is not applicable to ponds, rivers, or lakes on private property even though they are attractive to children.

Defendant also claims there was no practical way of putting a guard around the forebay wall, and if such a guard had been there, it would not have prevented the boy from going out there if he concluded he wanted to go there to fish; and that it was not the flume or forebay or the water that caused the accident but it was the fact the boy slipped and fell into the water. These claims, and defendant's claims in other respects stated above, are dependent upon matters as to which there is

presently no factual basis under any allegation in the amended complaint. Until there is such basis by reason of allegations in a pleading or proof of facts, there is no occasion to discuss the legal consequences or effect thereof.

*By the Court.*—Order affirmed.