SCHNEIDER FUEL & SUPPLY COMPANY, Respondent, v. THOMAS H. BENTLEY & SON, INC., Appellant.

*February 1—March 2, 1965.*

[3] *State v. Wrobel* (1964), 24 Wis. (2d) 270, 274, 128 N. W. (2d) 629.

550

For the appellant there was a brief by *Giffin, Simarski & Koch,* attorneys, and *James P. Brennan* of counsel, all of Milwaukee, and oral argument by *Mr. Brennan.*

For the respondent there was a brief by *Lichtsinn, Dede, Anderson & Ryan,* and oral argument by *Peter C. Haensel,* all of Milwaukee.

BEILFUSS, J. Defendant maintains that the complaint does not sufficiently allege a cause of action for attractive nuisance; and, that its negligence, if any, is superseded by an independent, intervening force.

The plaintiff concedes that the complaint does not state a cause of action for attractive nuisance as that phrase is legally understood, but contends the allegation of attractive nuisance is merely descriptive of a negligent act of the defendant.

The allegation of attractive nuisance here may be descriptive, but it does not enlighten us as to the facts in this case. It is clear that there is no attractive nuisance.[1] Any reference to attractive nuisance must be omitted from our consideration of the sufficiency of the complaint.

When challenged by a demurrer, the complaint is to be given a liberal construction with the view to permit all reasonable inferences to be drawn in favor of finding that a cause of action is stated.[2] When so viewed, we are unable to find any cause of action within the four corners of the complaint. *Estate of Mayer,* post, p. 671, 133 N. W. (2d) 322; *Gregory III v. Madison Mobile Homes Park* (1964), 24 Wis. (2d) 275, 128 N. W. (2d) 462.

With the allegation of attractive nuisance removed, we find that the complaint alleges merely that the construction site was not barricaded or guarded so as to prevent unauthorized persons from coming onto such area; that the failure to guard was negligence, which resulted in objects being thrown from the construction area down onto respondent's property; that plaintiff was damaged as a result of such negligence.

The complaint is defective in that facts alleging a breach of duty have not been pleaded. The allegation of failure to guard the premises has not been related to a showing of facts and circumstances which would demonstrate that there was a

[1] For the elements of attractive nuisance see *Angelier v. Red Star Yeast & Products Co.* (1934), 215 Wis. 47, 254 N. W. 351. See also *Schulte v. Willow River Power Co.* (1940), 234 Wis. 188, 290 N. W. 629; *Larson v. Equity Co-operative Elevator Co.* (1946), 248 Wis. 132, 21 N. W. (2d) 253; *Massino v. Smaglick* (1958), 3 Wis. (2d) 607, 89 N. W. (2d) 223.

[2] *Jezo v. Jezo* (1963), 19 Wis. (2d) 78, 119 N. W. (2d) 471; *D'Angelo v. Cornell Paperboard Products Co.* (1963), 19 Wis. (2d) 390, 120 N. W. (2d) 70; *Nelson v. La Crosse Trailer Corp.* (1949), 254 Wis. 414, 37 N. W. (2d) 63.

reasonable probability or anticipation that failure to guard the premises would result in harm.[3]

The ultimate inquiry is whether defendant should have foreseen the reasonable probability of persons coming upon the construction site and committing tortious acts. This is a question of fact.[4] Should defendant have foreseen, as a person possessing ordinary intelligence and acting as a reasonably prudent individual under the circumstances then and there existing, that harm would result from the failure to barricade or guard the premises? *Osborne v. Montgomery* (1931), 203 Wis. 223, 234 N. W. 372. Did appellant have knowledge—or should it have had knowledge, that failure to guard the premises would result in damage to someone.[5] Had defendant foreseen such circumstances, and failed to act, it would be negligent. However, there is no allegation of these necessary facts. The allegation that failure to guard the premises is negligence, without more, is a mere conclusion. Conclusions of law cannot be a substitute for essential facts.

We consider the matter of intervening force to the extent that such consideration will clarify the negligence question.

" 'An intervening force is one which actively operates in producing harm to another *after* the actor's negligent act or omission has been committed.' " *Merlino v. Mutual Service Casualty Ins. Co.* (1964), 23 Wis. (2d) 571, 579, 127 N. W. (2d) 741.

---

[3] *Alsteen v. Gehl* (1963), 21 Wis. (2d) 349, 124 N. W. (2d) 312; *Lee v. Milwaukee Gas Light Co.* (1963), 20 Wis. (2d) 333, 122 N. W. (2d) 374.

[4] *Wasikowski v. Chicago & N. W. R. Co.* (1951), 259 Wis. 522, 49 N. W. (2d) 481. Where an inference of negligence does not necessarily follow, the question of negligence should normally be submitted to the jury. *Neanow v. Uttech* (1879), 46 Wis. 581, 1 N. W. 221.

[5] *Weber v. Interstate Light & Power Co.* (1955), 268 Wis. 479, 68 N. W. (2d) 39; *Wickert v. Wisconsin Central R. Co.* (1910), 142 Wis. 375, 125 N. W. 943.

It would seem that if the appellant's conduct or omission set in motion the forces which caused the damage, or was a substantial factor in causing the damage, the defense of intervening force is unavailing.[6] If the trier of fact determines that defendant's conduct or omission was the dominant cause which put in motion the other forces, appellant is liable.[7] Inquiry must be made as to whether the act was so unusual or extraordinary as not to be foreseeable.[8] We express no opinion as to what precise act should have been foreseen. That is part of the plaintiff's duty in framing its complaint pursuant to existent facts.

In *Merlino v. Mutual Service Casualty Ins. Co., supra,* at page 579, the following statement appears:

" 'If the effects of the actor's negligent conduct actively and continuously operate to bring about harm to another, the fact that the active and substantially simultaneous operation of the effects of a third person's innocent, tortious or criminal act is also a substantial factor in bringing about the harm does not protect the actor from liability.' "

In Restatement, 2 Torts, p. 1202, sec. 449, it is said:

"If the realizable likelihood that a third person may act in a particular manner is the hazard or one of the hazards which makes the actor negligent, such an act whether innocent, negligent, intentionally tortious or criminal does not prevent the actor from being liable for harm caused thereby."

It is evident that the complaint is inadequate. Plaintiff should have the opportunity to plead over if it determines that

[6] *Merlino v. Mutual Service Casualty Ins. Co., supra; Strahlendorf v. Walgreen Co.* (1962), 16 Wis. (2d) 421, 114 N. W. (2d) 823.

[7] *Wenzel v. Werch* (1949), 256 Wis. 47, 39 N. W. (2d) 721; *Kiviniemi v. American Mut. Life Ins. Co.* (1930), 201 Wis. 619, 231 N. W. 252.

[8] *Merlino v. Mutual Service Casualty Ins. Co., supra; Kramer v. Chicago, M., St. P. & P. R. Co.* (1937), 226 Wis. 118, 276 N. W. 113; *Sandeen v. Willow River Power Co.* (1934), 214 Wis. 166, 252 N. W. 706.

it can frame a complaint alleging duty, breach of duty, causal relation, and damage.

*By the Court.*—Order reversed. Plaintiff-respondent shall have twenty days from the date our remittitur is received by the clerk of the county court in which to serve an amended complaint, failing therein judgment to be entered dismissing the complaint.